RICHARD M. PIERCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pierce v. Commissioner
Docket No. 24972-91
United States Tax Court
T.C. Memo 1994-21; 1994 Tax Ct. Memo LEXIS 21; 67 T.C.M. (CCH) 1982; January 18, 1994, Filed *21 Decision will be entered for petitioner. Richard M. Pierce, pro se. For respondent: Charles Pillitteri. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: For taxable year 1987, respondent determined a deficiency in petitioner's Federal income tax in the amount of $ 52,802, and additions to tax for failure to file a return under section 6651 [1] in the amount of $ 13,201, for negligence under section 6653(a)(1)(A) in the amount of $ 2,640, for negligence under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on $ 52,802, and for failure to pay estimated income tax under section 6654 in the amount of $ 2,855. The primary issue for our consideration for taxable year 1987 is whether petitioner failed to report income from illegal bookmaking activities conducted during the 1986 football season in the amount of $ 140,000 as determined *22 by respondent. We hold that no deficiency or tax liability exists for 1987, and we need not consider the additions to tax determined by respondent in the notice of deficiency. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner bears the burden of proving that respondent's determination is erroneous. Rule 142(a); . Petitioner resided in a prison at Maxwell Air Force Base, Alabama, at the time he filed the petition in this case. Petitioner has not filed Federal income tax returns for taxable years 1986 and 1987. In the summer of 1986, petitioner entered into an agreement with Mr. Ellis M. Ayres to begin operations of an illegal bookmaking business during the 1986 football season. Before this operation began, petitioner owed roughly $ 100,000 in connection with his own gambling debts. His creditors included Mr. Ayres and Mr. Ayres' son, to whom petitioner owed a total of $ 40,000. Mr. Ayres and petitioner agreed to split the profits from their bookmaking venture, and petitioner was required to *23 apply some portion of his profits to his past gambling debts. Petitioner was responsible for keeping the records of the business and taking bets over the telephone. A secretary called petitioner every 30 minutes to record all bets taken by petitioner so that in the event of a raid by law enforcement, a record of bets taken would still exist. Mr. Ayres and petitioner split up their earnings weekly as payoffs and collections were made. In the beginning of 1987, petitioner and Mr. Ayres conducted a final accounting in which petitioner received between $ 200 and $ 300. On January 3, 1987, petitioner was arrested on State commercial gambling charges to which he pled guilty. During a raid on the business, petitioner destroyed all available records by throwing them into a bucket of water. In November 1987, petitioner was arrested again during a raid by law enforcement officials on an apartment used in petitioner's illegal bookmaking operation. Petitioner was indicted in September 1989 for the following Federal violations: Conspiracy to defraud the United States; conducting, financing, managing, supervising, directing, or owning an illegal gambling business; attempting to evade or *24 defeat tax; and willful failure to file wagering tax returns. In July 1990, petitioner reached a plea bargain agreement with the U.S. Attorney for the Northern District of Georgia. Under the agreement, petitioner pleaded guilty to the charge of conducting, financing, managing, supervising, directing, or owning an illegal gambling business and agreed to testify against his two co-defendants, Mr. John Lester Ellenburg and Mr. Ayres. During the criminal trial of Mr. Ayres and Mr. Ellenburg, petitioner testified that he earned $ 140,000 during the 1986 football season from his illegal bookmaking operation. For taxable year 1987, respondent determined that petitioner received $ 140,000 in unreported income from illegal bookmaking activities in connection with the 1986 football season. Respondent contends that in 1987 petitioner received the entire $ 140,000, without reduction for any payment of outstanding gambling debts, representing petitioner's share of bookmaking income from the 1986 football season. Respondent offered no other evidence of petitioner's receipt of income from bookmaking activities for taxable year 1987. For purposes of bookmaking, the football season generally *25 begins on Labor Day weekend and ends on Super Bowl Sunday. Petitioner's testimony clearly indicates that he and Mr. Ayres split their profits on a weekly basis after taking into consideration their payoffs and collections, and then made a final accounting at the end of their season in January of the following year. We find that petitioner and Mr. Ayres did not stockpile their bookmaking income earned during the 1986 football season until January, and subsequently split up their profits. We find that petitioner and Mr. Ayres split up their earnings weekly and at the beginning of 1987 made a final accounting whereby petitioner received no more than $ 300. Thus, we find that no more than $ 300 of income from the bookmaking venture is includable in petitioner's gross income for 1987, the only year before the Court. This Court may consider facts in other taxable years as needed to correctly redetermine a deficiency for a given year. Sec. 6214(b). This Court does not, however, have jurisdiction to determine whether petitioner has underpaid his taxes in a year not before the Court. See id.; . *26 Thus, we are without jurisdiction to determine whether a deficiency exists for petitioner's 1986 taxable year as respondent's statutory notice covers only taxable year 1987. Based on all the facts and circumstances, we find that petitioner has met his burden of proof. Accordingly, we find that for taxable year 1987, petitioner did not receive unreported income from bookmaking activities in the amount of $ 140,000 with respect to the 1986 football season as asserted by respondent, and thus, no deficiency exists in the instant case. To reflect the foregoing, Decision will be entered for petitioner. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩